<u>APPEAL NO. 14-12892</u>

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

LAURA A., et al.,

Appellants,

v.

LIMESTONE COUNTY BOARD OF EDUCATION,

Appellee.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION
CV-11-5-04038-NE
_____

### REPLY BRIEF OF APPELLANTS

Deborah A. Mattison
Rachel L. McGinley
**WIGGINS,  CHILDS,  PANTAZIS,
FISHER & GOLDFARB, LLC**
301 19th Street North
Birmingham, AL 35203
Telephone No.: (205) 314-1500
Facsimile No.: (205) 254-1500
Counsel for Appellants

Dated: December 18, 2014

## NOTE ON FORM OF CITATIONS

The Administrative Record in this matter was filed under seal with the District Court. Doc. 30. The Administrative Record contains multiple documents, including the transcript of the administrative hearing and exhibits admitted at the hearing. The Administrative Record, as filed with the District Court, did not receive page numbers like documents traditionally filed through the CM/ECF system. Citations to the administrative record will be in the format generally used by the District Court. For citations to the transcript of the administrative hearing, the record citation form will be "TR [page number assigned by court reporting service]". For citations to exhibits submitted by Petitioner at the administrative hearing, the record citation form will be "PX [exhibit number]:[page number of exhibit]". For citations to exhibits submitted by Respondent at the administrative hearing, the record citation form will be "RX [exhibit number]:[page number of exhibit]".

For citations to documents filed with the District Court, the record citation form will be "Doc. [number from District Court Docket]:[page number assigned through CM/ECF system]".

i

# TABLE OF CONTENTS

**Page(s)**

NOTE OF FORM OF CITATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CITATIONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

TABLE OF RECORD REFERENCES IN BRIEF. . . . . . . . . . . . . . . . . . . . . . . . vii

I.      INTRODUCTION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     APPELLANTS' REPLY TO THE BOARD'S STATEMENT

        OF FACTS.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      Undisputedly, the Hearing Officer Lacked Jurisdiction to Adjudicate

                Appellants' 504 Claims. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        B.      The Hearing Officer's Lack of Jurisdiction Over Appellants' 504 Claims

                Limited the Presentation of Evidence.. . . . . . . . . . . . . . . . . . . . . . . . 5

        C.      Appellants' Motion to Supplement Does Not Support the Board's

                Argument. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

III.    THE BOARD'S ARGUMENT REGARDING EXHAUSTION IS WITHOUT

        MERIT.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

        A.      The Board Has Changed the Focus of Its Argument Regarding

                Exhaustion and Now Admits that Exhaustion Under 504's Remedial

Scheme Is Not Required. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

B.    Appellants Complied With IDEA's Exhaustion Requirements. . . . . 12

1.    20 U.S.C. 1415(l) Requires Only that A Party Pursue Her Claims Under IDEA Before Bringing Other Federal Claims at the District Court Level. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

2.    Appellants actions were also in accord with this Court's jurisprudence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

3.    This Court's jurisprudence also does not require any "heightened" pleading requirement. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

4.    The Board's Assertion that Laura A. Failed to Raise Her 504 Claims During the Hearing Is A Mischaracterization of the Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

5.    The Futility Exception Applies Here. . . . . . . . . . . . . . . . . . . . 20

IV.    APPELLANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE MERITS OF THEIR 504 CLAIMS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

V.    CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

iii

# TABLE OF CITATIONS

**CASES**                                              **PAGE(S)**

A.K. v. Gwinnett County School District

      556 F. Appx. 790 (11th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Allen v. Tyson Foods, Inc.

      121 F.3d 642 (11th Cir. 1997). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Anderson v. Liberty Lobby, Inc.

      477 U.S. 242, 251-52 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Atlanta Independent School System v. S.F.

      740 F. Supp. 2d 1335 (N.D. Ga. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

Babicz v. Sch. Bd. of Broward County3

      135 F.3d 1420 (11th Cir. 1998). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 22

Bevis v. Jefferson County Board of Education

      48 IDELR 100, 06-CV-0853-RDP (N.D. Ala. January 31, 2007) . . . . . 4, 22

Celotex Corp.v. Catrett

      477 U.S. 317 (1986). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Doe v. Alabama State Department of Education

      915 F.2d 651 (11th Cir. 1990). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 20

Jaffke v. Dunham

     352 U.S. 280, 281 (1957. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

J.S.K. v. Hendry County

     941 F.2d 1563 (11th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

M.T.V. v. DeKalb County School District

     446 F.3d 1153 (11th Cir. 2006). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

N.B. v. Alachua County

     84 F.3d 1376 (11th Cir. 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 22

Nunnally v. Equifax Information Services, LLC

     451 F. 3d 768 (11th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Smith v. Robinson

     468 U.S. 992 (1984) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

TRW, Inc. v. Andrews

     534 U.S. 19 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Walker County Sch. Dist. v. Bennett

     203 F.3d 1293 (11th Cir. 2000). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

**STATUTES**                                                  **PAGE(S)**

Ala. Admin. Code 290-8-9.08(9)(c)12.(iv)(I)X. . . . . . . . . . . . . . . . . . . . . . . . 4,21

Fed. R. Civ. P. 56(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ga. Rule 160-1-3-.07, "Consolidated Hearings Under Individuals With Disabilities

    Education Act (IDEA) and Section 504" . . . . . . . . . . . . . . . . . . . . . . . . . . 20


20 U.S.C. 1400. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20 U.S.C. 1415. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

20 U.S.C. 1415(l).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

20 U.S.C. 1415(7)(A)(ii). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 17

29 U.S.C. 790 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

29 U.S.C. 794 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1


42 U.S.C. 1983. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

42 U.S.C. 12101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 13

## TABLE OF RECORD REFERENCES IN THE BRIEF

**RECORD REFERENCE**                                          **PAGE(S)**

1.    Doc. 1, Complaint. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2.    Doc. 25, Plaintiffs' Motion for Leave to Submit Additional

      Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

3.    Doc. 25-1, Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Leave

      to Submit Additional Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4.    Doc. 29, Defendant's Opposition to Plaintiffs' Motion for Leave to Submit

      Additional Evidence. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5.    Doc. 30, Administrative Record. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

6.    Doc. 32, Memorandum Opinion and Order. . . . . . . . . . . . . . . . . . . . . . . . . 9

7.    Doc. 34, Brief in Support of Plaintiffs' Motion for Summary

      Judgment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 23

8.    Doc. 39, Defendant's Amended Brief in Support of Motion for Summary

      Judgment or, in the Alternative, Motion for Judgment

      on the Record   . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10,

9.    Doc. 41, Defendant's Brief in Response to Plaintiff's (sic) "Motion for

      Judgment on IDEA Appeal and Motion for Summary Judgment on

      Rehabiliation (sic) Act Claims". . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 10

10.    Doc. 44, Plaintiffs' Response to Defendant's Motion for Summary Judgment

       on, in the Alternative, Judgment on the Record. . . . . . . . . . . . . . . . . . . . . . 2

11.    Doc. 49, Defendant's Amended Reply Brief. . . . . . . . . . . . . . . . . . . . . . . 10

12.    Doc. 64, Memorandum Opinion of Final Judgment. . . . . . . . . . . . . . . . . . 11

## I.    INTRODUCTION

This case involves Appellants' claims that Appellee Limestone County Board of Education (hereinafter, "the Board") violated IDEA and Section 504 of the Rehabilitation Act in its provision of an educational program to J.O., who is a child with disabilities.  20 U.S.C. 1400, *et. seq*.; 29 U.S.C. 794 (hereinafter "504"). Appellants claimed that the Board violated IDEA when it determinated that J.O. no longer qualified for special education.  Appellants also claim that the Board violated 504 by failing to provide J.O. with educational benefits commensurate to those provided to children without disabilities, subsequent to its determination that J.O. was no longer eligible under IDEA.

One of IDEA's hallmarks is its provision of parental safeguards, which include the right to an impartial due process hearing.  20 U.S.C. 1415.  IDEA also contains an exhaustion of administrative remedies requirement, which states that,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], Title V of the Rehabilitation Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights of children with disabilities, *except that before the filing of a civil action under such laws seeking relief that is also available under this subchapter, the procedures under subsections (f) and (g) shall be exhausted to the same extent as would be required had the action been brought under this subchapter.*

20 U.S.C. 1415(l) (emphasis added).  In this case, Appellants complied with this

1

provision and pursued a hearing under IDEA. However, under Alabama law, the hearing officer appointed to preside over Laura A.'s due process hearing lacked jurisdiction to hear any claims other than those brought under IDEA; and, thus, limited the presentation of claims and evidenced during the hearing. Ultimately, the hearing officer found in favor of the Board as to the IDEA claims. Because he had no jurisdiction over the 504 claims, he made no determinations as to those issues.[1]

Appellants appealed the hearing officer's determination to the District Court and also alleged violations of 504. Doc. 1. Subsequently, the parties filed cross motions for summary judgment, or in the alternative, judgment on the record regarding Appellants' IDEA claims; and summary judgment as to Appellants' 504 claims. Doc. 34:45-48; Doc. 39:21-25; Doc. 41:21-24; Doc. 44:41-48. Concerning 504 and relative to this appeal, the Board primarily asserted that Appellants failed to exhaust because they did not utilize 504 administrative remedies. The District Court agreed.

Now, the Board has changed the focus of its argument on exhaustion. Rather than assert that Appellants failed to exhaust via 504's remedial scheme or the Board's internal procedures, the Board argues that Appellants failed to exhaust their

---

[1]Although Laura A. appealed the hearing officer's determination under IDEA to the District Court, Appellants do not appeal the District Court's affirmation of that decision. Appellants' appeal to this Court addresses only their 504 claims.

administrative remedies by failing to fully adjudicate their 504 claims during the IDEA hearing.

The Board's argument should be rejected as contrary to 20 U.S.C. 1415(l) which requires only that, prior to bringing a claim under another a federal law to seek relief available under IDEA, a party (typically a parent) pursue an IDEA hearing to the same extent as would be required if the parent were pursuing an IDEA claim. Here, Appellants did just that– they pursued a hearing under IDEA, during which they made it clear that they also had claims under 504. However, because the hearing officer had no jurisdiction over 504 claims, he limited the claims he would entertain as well as the presentation of evidence. Significantly, the Board did not object to the hearing officer's actions. Instead, on more than one occasion, the Board objected to Appellants' attempts to introduce certain evidence, based on the Board's position that whether it violated IDEA was not before the hearing officer.

Finally, this Court should find that any further exhaustion would have been futile.

## II.    APPELLANTS' REPLY TO THE BOARD'S STATEMENT OF FACTS.

Contrary to the Board's statement of facts, it was clear from the start of the hearing that Appellants had 504 claims. But, due to the hearing officer's lack of jurisdiction over those claims, the presentation of issues and evidence would be

limited to issues concerning J.O.'s eligibility under IDEA.[2] At no time did the Board

indicate any disagreement or objection to this determination.  A review of the record

is in accord.

> **A.  Undisputedly, the Hearing Officer Lacked Jurisdiction to Adjudicate Appellants' 504 claims.**

Again, contrary to the Board's assertions, from the start of the hearing and

continuing, everyone understood that under Alabama law, the hearing officer had

jurisdiction only over the IDEA claims.    Ala. Admin. Code

290-8-9.08(9)(c)12.(iv)(I)X.  *See also Bevis v. Jefferson County Board of Education,*

48 IDELR 100, 06-CV-0853-RDP (N.D. Ala. January 31, 2007) ("It is axiomatic that

administrative officers, including officers who are acting in a judicial role, may only

exercise such authority as is conferred upon the by the terms of the law under which

they are appointed").  Indeed, during Appellants' opening statement, Laura A.

discussed the Board's actions under 504, made it clear she was raising separate claims

---

[2]One year after finding J.O. ineligible for special education under IDEA, the Board found that J.O. was eligible for a non-discriminatory program under 504.  J.O.'s 504 eligibility was based, in part, on district staffs' assessments of J.O. which found that his academic performance was very poor in a variety of areas.  See, for example,  PX 58.  Appellants had argued that such evidence, as well as  the Board's determination that J.O. was eligible under 504 undercut its determination that J.O. was not eligible under IDEA, due to 504's rather stringent definition of "disability".  See TR 2075-2076.  Appellants also asserted that the Board's decision to refer J.O. for services under 504 *prior to* finding him ineligible under IDEA in September 2010 constituted evidence that the Board had "predetermined" J.O.'s eligibility under IDEA.  In other words, arguably, there would have been no need to refer J.O. for 504 services, had the Board not already "predetermined" that it would again find J.O. ineligible under IDEA.  See TR 2072-2073.

4

under that statute, and apprised the tribunal that there would be evidence admitted regarding 504.  Appellants also sought guidance from the hearing officer regarding the need to exhaust administrative remedies in an effort to make sure that nothing more was expected relative to the 504 claims.  TR 67-71.  Appellants stated,

> we believe that the district has violated Section 504 in a number of areas including evaluation, placement, and provision of services as well as due process.  We understand that you do not have jurisdiction over that. And so to the extent that there is evidence admitted regarding Section 504, we understand that it is not for Your Honor to make any sort of determination as to 504 because you don't have jurisdiction over that.

TR 69.  In response, the hearing officer stated, "Okay. The assignment or appointment that I have in this case specifically says IDEA issues.  It does not include the reference to 504."  TR 70.  The Board raised no objection to the hearing officer's statements on this issue.[3]  Subsequently, Appellants again stated that they had separate 504 claims.  TR 687-688, 1962, 1971, 2065.  But still, the Board offered no objection to the hearing officer's determination regarding his jurisdiction.  The import of this evidence is that it was crystal clear from the beginning that Appellants had claims under 504; but that such claims were not properly before the hearing officer.

### B.    The Hearing Officer's Lack of Jurisdiction Over Appellants' 504 Claims Limited the Presentation of Evidence.

Nor does the record support the Board's assertion that Laura A. intentionally

---

[3]During its opening argument, the Board also addressed its compliance with 504.  TR 79-90.

excluded evidence regarding her claims under 504.  Rather, it was the hearing officer who limited the presentation of evidence to the issues arising under IDEA, which included J.O.'s eligibility under IDEA.  Moreover, at one point, the hearing officer wondered aloud as to why Appellants were continuing to proffer evidence on 504, in light of his lack of jurisdiction.  TR 687.

A particularly telling exchange regarding 504 occurred later in the hearing.  Mindful of the hearing officer's jurisdiction, Appellants informed the hearing officer they intended to pursue a line of questioning which dealt more directly with 504 issues as a "whole".  The Board responded that "whether the district violated 504 [was] outside of the scope of the hearing."  TR 2068-2069.  The Board also asserted that Appellants should not be allowed to use the hearing as a means to ". . . get testimony from district's witnesses to try to build a 504 case, so after this is over with she can go and file a suit against the district under 504 and have all this testimony. . . ."  TR 2089.

Accordingly, the hearing officer set "some parameters" which allowed evidence regarding 504 relative to J.O.'s IDEA eligibility, while at the same time stating that "everybody was clear that [Appellants' 504 claims were] outside something that I am going to make a ruling on", and that whether the Board violated 504 was "irrelevant."  TR 2069-2070. See also TR 2081-2082.  In response,

6

Appellants, again without objection by the Board, affirmed their understanding that the hearing officer lacked the "authority to rule on whether the district violated Section 504, whether he's eligible under Section 504 or whether the district provided J.O. with a non-discriminatory program under 504." TR 2071. And, the hearing officer confirmed that he did not want Appellants' 504 claims "bootstrapped" onto their IDEA claims, stating "we are not going to have a 504 hearing."[4] TR 2076-2077. At the conclusion of this exchange, the hearing officer reviewed his letter of appointment and stated that,

> we're not going to have a 504 hearing. We haven't had one, and we're not going to get into that to the extent that we're talking about whether they did something right in the 504 plan.

TR 2090-2093. See also TR 2165 (wherein the hearing officer reiterated that he did not want to hear evidence regarding 504 allegations, other than evidence related to eligibility and predetermination.)[5]

---

[4]During this discussion, the Board asserts that Appellants "opened the door" concerning §504, to which the hearing officer responded that "regardless of who is opening the door" he did not want to "stay in that room very long." TR 2084.

[5]Despite the hearing officer's rulings, both parties presented a plethora of evidence and argument regarding 504. Such included testimony regarding 504 requirements and J.O.'s referral and eligibility under 504 (TR 580-611, 645-646, 652-654, 681-684, 688-690, 762-763), J.O.'s 504 plan, and the Board's 504 training (674-680). It also included the Board's understanding of 504's requirements, including in the areas of referral, evaluation, and the provision of an educational program. TR 699, 762, 934, 943-945. During its examination of Ms. A., it was the Board who presented J.O.'s 504 file, and the Board elicited testimony regarding, *inter alia*, events documented in the file. TR 1940-1981, 2528-253, 2536-2528, 4167-4171. There was also evidence regarding J.O.'s "plan", including evidence elicited from Laura A. by the Board. TR 1154-1156, 1160-1161,

7

Consequently, and consistent with the hearing officer's authority and rulings, the administrative decision did not directly address Appellants' 504 claims. But, this was due to the hearing officer's limited jurisdiction.

### C.    Appellants' Motion to Supplement Does Not Support the Board's Argument

Appellants' Motion for Leave to Submit Additional Evidence does not support the Board's argument regarding exhaustion. IDEA authorizes a Court to hear additional evidence when reviewing claims brought before it under IDEA's remedial scheme. *Walker County Sch. Dist. v. Bennett*, 203 F.3d 1293 (11th Cir. 2000). Thus, Laura A. moved the District Court to allow the admission of such supplemental evidence, noting also that she had claims under 504. See Doc. 25 and Doc. 25-1. The supplemental evidence which was proffered included J.O.'s more recent 504 plans and his continued poor academic performance. While the Board did object to the supplemental evidence, the Board never challenged the existence of Appellants' claims under 504. Rather the Board contested the fact that the evidence arose after the hearing. Doc. 29. Notably, in granting Appellants' Motion, the District Court acknowledged that "Defendant does not appear to dispute that plaintiff would be entitled to submit the proposed additional evidence in support of her Rehabilitation

---

1654-1655, 1659-1663, 1762-1772 1887-1896, 2166-2183, 2421-2424. There is testimony from at least one of J.O.'s teachers regarding 504 and J.O. TR 3021, 3037, 3121-3123, 3230-3238, 2345.

8

Act claim." Doc. 32:2. The Court granted the motion and allowed both parties to submit additional evidence. However, the Board failed to offer any evidence to rebut Appellants' supplemental evidence.

In conclusion, throughout due process hearing, there seemed to be an agreement on three things. Appellants had 504 claims. An IDEA hearing was not the same thing as a 504 hearing. And, finally, the hearing officer's ability to hear evidence, make factual findings, and determine the legal implications of the district's actions and inactions with respect to J.O. was limited to Appellants' IDEA claims.

## III. THE BOARD'S ARGUMENT REGARDING EXHAUSTION IS WITHOUT MERIT.

### A. The Board Has Changed the Focus of Its Argument Regarding Exhaustion and Now Admits that Exhaustion Under 504's Remedial Scheme Is Not Required.

As explained, at no time during the IDEA hearing did the Board assert that Appellants should have done something more at the IDEA hearing to exhaust their 504 claims. Nor did the Board disagree with the hearing officer's determination that he lacked jurisdiction over Appellants' 504 claims or that the evidence regarding such claims should be limited. Instead, the Board steadfastly objected to Appellants' attempt to adjudicate her 504 claims stating that "whether the district violated 504 [was] outside of the scope of the hearing." TR 2068-2069. The Board also objected

to any attempt by Appellants to solicit evidence which would support a suit against the Board for violations of 504.  TR 2089.

Additionally, at the hearing, the Board did ask some questions which arguably touched on exhaustion under 504, but the focus of those questions was the existence of the Board's internal 504 grievance procedures and whether Laura A. was aware of the procedures.

Likewise, the focus of the Board's argument to the District Court concerning exhaustion was not that Appellants' participation during the IDEA hearing was lacking and/or that Appellants failed to "do something more" during that proceeding. Instead, with the exception of a few generic statements about exhaustion under IDEA, the Board's argument generally was that Appellants did not exhaust their 504 claims via the Board's 504 grievance procedures.  See Doc. 49:14 ("Plaintiffs continue to fail to show that they have made any attempts to utilize the Board's Section 504 grievance procedures as to any disagreements they may have as to J.O.'s current 504 services."). See also Doc. 39:24-25.[6]

---

[6]The Board's argument appears to flow its interpretation of 20 U.S.C. 1415(l) as requiring complete administrative adjudication of all federal non-IDEA claims.  See, e.g. Doc. 41: 23 and Doc. 39:23 (the Board characterizes parents' duty under IDEA as exhaustion of "all administrative remedies available to them before filing a suit in federal court.").  Thus, based on this line of thinking, if a particular state's IDEA hearing officers did not have jurisdiction over other non-IDEA claims, this interpretation of IDEA's exhaustion requirement would necessitate the use of other non-IDEA administrative avenues (like 504 grievance procedures) before a complaint could be brought in federal court.  Appellants disagree with this interpretation of IDEA's exhaustion requirement.

10

The District Court adopted the Board's reasoning. While it acknowledged that the hearing officer lacked jurisdiction over Appellants' 504 claims and that Laura A. "unquestionably exhausted all of the administrative remedies for her IDEA claim", the Court held that this was insufficient because the hearing officer only made determinations regarding IDEA. The Court also referenced the Board's 504 procedural safeguards and implicitly held that 504 has a broad exhaustion requirement.[7] Doc. 64:71-73.

Now, however, the Board's focus is different, as it has apparently abandoned its insistence on exhaustion through the Board's 504 grievance procedures, stating to this Court in a footnote that "neither the Board nor the District Court claim that §504 has any exhaustion requirement". Appellee's Brief, p. 50, fn. 3. Instead, the Board now asserts that exhaustion under IDEA required Appellants to fully adjudicate the 504 claims during the IDEA hearing.[8] Appellee's Brief, pp. 30-38. This argument should be rejected as inconsistent with IDEA's exhaustion

---

[7]Appellants acknowledge that the Board's argument to the District Court on exhaustion might be considered ambiguous, in that, while the Board focused on 504's remedial scheme, it also referenced generally exhaustion under IDEA.

[8]In footnote 3 of its Brief, the Board attempts to minimize references to §504 procedures in both the District Court's opinion and its own briefs on the issue. Laura A. believes a review of district court documents below belies this reading of the issue. And, although she acknowledges tha a "successful party in the District Court may sustain its judgment on any ground that finds support in the record," *Jaffke v. Dunham*, 352 U.S. 280, 281 (1957), as described in this Brief, she does not believe that the record supports the Board's interpretation of the record below.

11

requirement.

**B.    Appellants Complied With IDEA's Exhaustion Requirement**.

Given that the Board has acknowledged that exhaustion under 504's remedial scheme and/or the Board's policies is not required, the only remaining question is whether Appellants exhausted their 504 claims under IDEA in accordance with 20 U.S.C. 1415(l).  For the reasons stated below, Appellants maintain that they have do so.

**1.    20 U.S.C. 1415(l) Requires Only that A Party Pursue Her Claims Under IDEA Before Bringing Other Federal Claims at the District Court Level.**

The parties agree that since Appellants had claims under 504 related to J.O.'s education, they were required to exhaust their administrative remedies.  Where the parties depart company is in describing what is required to exhaust.   Appellants maintain that they were required to comply with 20 U.S.C. 1415(l)– which they did by pursuing their claims in a due process hearing under IDEA.  The Board maintains that something more was required.  Apparently, the Board believes that even though the hearing officer had no jurisdiction over Appellants' 504 claims, Appellants still should have insisted that the hearing officer fully adjudicate those claims.  Appellee's argument constitutes a misreading of IDEA's exhaustion requirement.

12

As explained in Appellants' initial brief, the history surrounding IDEA's exhaustion requirement is an important starting point. Appellants' Opening Brief pp. 50-53. Initially, exhaustion through IDEA's due process procedures was not always required when a party (usually a parent) sought to bring claims under other statutes, such as 504 or 42 U.S.C. 1983. The practice of bringing such claims was not uncommon due to questions concerning the availability of attorney fees and compensatory damages under IDEA. In 1984, however, the Supreme Court issued *Smith v. Robinson*, 468 U.S. 992 (1984) which, *inter alia,* found that due to IDEA's comprehensive administrative scheme, the remedies available under other federal statutes (such as 504) were no longer available to children with disabilities *who alleged violations of other laws in the area of education.* One year later, Congress enacted the Handicapped Children Protection Act (HCPA), which, relevant to this case, restored the availability of claims under 504 for the deprivation of disabled students' rights related to their education, with one important caveat. Parents who brought certain claims under other federal laws which protect the rights of children with disabilities were first required to exhaust administrative remedies under the EHA/IDEA. To reiterate, the relevant statutory provision states that,

> Nothing in this chapter shall be construed to restrict or limit the rights, procedures, and remedies available under the Constitution, the Americans with Disabilities Act of 1990 [42 U.S.C. 12101 et seq.], title V of the Rehabilitation Act of 1973 [29 U.S.C. 790 et seq.], or other Federal laws protecting the rights

13

of children with disabilities, *except that before the filing of a civil action under* *such laws seeking relief that is also available under this subchapter, the* *procedures under subsections (f) and (g) shall be exhausted to the same extent* *as would be required had the action been brought under this subchapter.*

20 U.S.C. 1415(l) (emphasis added).  The purpose of this provision is clear.  It was to stop parties (again, typically parents) from ignoring the available remedies under IDEA – and thus bypassing IDEA procedural safeguards– in favor of other federal claims (with additional/different, perhaps more attractive, available remedies).  Thus, pursuant to the HCPA (codified, as relevant here, at 20 U.S.C. 1415(l)), parents may still bring educational claims under, for example, 504; but before doing so, they must try to get IDEA relief through an IDEA hearing to remedy the underlying education-related concerns.  Because Appellants complied with this requirement, they exhausted their administrative remedies.

> ### 2.    Appellants' actions were also in accord with this Court's jurisprudence.

Appellants' actions were also in accord with this Court's jurisprudence. The Board makes a sweeping argument that "[t]he law in this Circuit is clear that in order to administratively exhaust a non-IDEA claim at a due process hearing, a complaint must file a due process claim that raises that specific claim and must develop the factual basis for that claim at the administrative hearing. . . " Appellee's Brief, pp. 32-33.  However, a review of this Court's precedent simply does not

14

support the Board's broad assertion.  Additionally, the factual situations make the cited cases imperfect comparators to the instant matter.  The majority of the cases relied upon by Appellee involve children who were eligible under IDEA and/or situations wherein the child's parents failed to file any due process complaint.  See, *N.B. v. Alachua County*, 84 F.3d 1376 (11th Cir. 1996) (although the child was eligible under IDEA, the parents did not pursue IDEA's due process procedures); *M.T.V. v. DeKalb County School District*, 446 F.3d 1153 (11th Cir. 2006) (child was eligible under IDEA; but the parents failed to file any request for a hearing on retaliation); *Babicz v. Sch. Bd. of Broward County*, 135 F.3d 1420 (11th Cir. 1998) (the parents failed to make any attempt to exhaust and this Court affirmed the dismissal of their complaint without prejudice; while it may, on its face, seem that the children were eligible solely under §504, a close reading of footnote 10 makes it appear that this Court felt that, in fact, the children qualified for services under IDEA, under the category of "other health impaired").  And, in those cases, what this Court required was exhaustion under IDEA for claims seeking relief that is also available under IDEA.[9]

### 3.     This Court's jurisprudence also does not require any

---

[9]*Babicz* demonstrates the practical reality that not all children with disabilities are eligible under both IDEA and 504.  This begs the question as to what type of exhaustion, if any, is required when a parent cannot seek relief available under IDEA because the child simply is not entitled to that statute's protection.

**"heightened" pleading requirement.**

Contrary to the Board's assertion, there is no requirement that parents "plead" their 504 claims in their request for a hearing under IDEA; and Appellee's cases do not demonstrate otherwise.[10]   Rather, prior to bringing claims under 504 in a complaint to the district court, parties are only required to exhaust *IDEA's administrative remedies,* which means that a party (typically the parent)  is required to raise her claims *under IDEA*.

The law upon which the Board relies regarding the contents of a complaint is contained in IDEA and it applies to complaints alleging violations of that statute. Specifically, 20 U.S.C. 1415(7)(A)(ii), which was enacted with IDEA's most recent reauthorization in 2004, requires the inclusion of certain basic information, such as the name and address of the child, the school the child attends, a general description of the problem, and a proposed resolution, to the extent it is known.  All information is clearly designed to provide notice to the opposing party.  Noticeably absent, however, is any requirement that the complainant identify the precise claims brought under IDEA; and there is no requirement that non-IDEA claims to be cited by name.

---

[10]The exception to this is *A.K. v. Gwinnett County School District*, 556 F. Appx. 790 (11th Cir. 2014), which involved a child who was eligible under IDEA and sought to raise fraud and 1983 claims at the district court for the first time.  A review of the district court decision demonstrates that it had an extremely restrictive interpretation of the exhaustion requirement which was neither supported by IDEA or this Court's precedent.

16

Indeed, if such a precise pleading requirement existed, then 1415(l)'s last clause ("to the same extent as would be required had the action been brought under this subchapter") would be rendered meaningless.[11]  This is especially true given that 20 U.S.C. 1415(7)(A)(ii) was enacted after Congress passed the HCPA.  If Congress wanted to require parents to simply set out their other non-IDEA claims in their IDEA due process complaints, in the same form as a complaint filed in federal court for such alleged violations, then there would be no need to further describe the exhaustion requirement.  It would be sufficient for the statute to require use of the procedures of 1415(f) and (g) for the other non-IDEA claims, indicating that hearing officers would additionally handle non-IDEA claims in their own right as separate claims in the administrative forum.

The cases relied upon by the Board, including the decisions from this Court, relate generally to a party's failure to plead IDEA claims.  They do not, as Appellee would have this Court believe, compel formal listing of non-IDEA claims in order to satisfy IDEA's exhaustion requirement.  For example, in *Doe v. Alabama State Department of Education*, 915 F.2d 651 (11th Cir. 1990), this Court found that a party had exhausted based upon a review of the factual findings in the hearing

---

[11] "It is a cardinal principle of statutory construction that 'a statute ought, upon the whole, to be so construed that, if it can be prevented, no clause, sentence, or word shall be superfluous, void, or insignificant.'" *Nunnally v. Equifax Information Services, LLC*, 451 F.3d 768, 773 (11th Cir. 2006), quoting *TRW, Inc. v. Andrews*, 534 U.S. 19, 31 (2001).

officer's opinion, even though the hearing officer didn't specifically rule on certain issues.  In *J.S.K. v. Hendry County*, 941 F.2d 1563 (11th Cir. 1991), this Court appears to focus on the determinations of fact and law contained in the hearing officer's  order, as opposed to a strict reading of the parent's IDEA due process complaint.

> **4.     The Board's Assertion that Laura A. Failed to Raise Her 504 Claims During the Hearing Is A Mischaracterization of the Record.**

The Board also argues that Laura A. failed to raise her 504 claims during the hearing, including her opening statement, and that she intentionally failed to present evidence in support of such claims.  This is a gross misreading of the record.

As discussed above, from the beginning of the hearing and continuing, everyone– including the Board– was aware of Appellants' 504 claims.  During Appellants' open during statement, Laura A. made it clear she was raising separate claims under 504, and sought the hearing officer's guidance to make sure that she was adequately and appropriately complying with IDEA's exhaustion requirement regarding her 504 claims.  TR 67-71.  During the hearing, Appellants repeatedly reminded the tribunal that they had separate 504 claims.  TR 687-688, 1962, 1971, 2065.  In response, the hearing officer, without objection by the Board, repeatedly responded that he did not have jurisdiction over any claims other than IDEA.  TR 70.

18

Additionally, while the hearing officer allowed some evidence regarding 504, he generally limited the presentation of evidence to the issues arising under IDEA, which included J.O.'s eligibility under IDEA. Indeed, Appellants' proffer of evidence regarding 504 was also such that at one point, the hearing officer wondered aloud as to why Appellants were continuing to discuss on 504, in light of his lack of jurisdiction. TR 687. Further, later in the hearing, the hearing officer set "some parameters" which limited the evidence to that which was 504 relative to J.O.'s IDEA eligibility, stating that "everybody was clear that [Appellants' 504 claims were] outside something that I am going to make a ruling on", and that whether the Board violated 504 was "irrelevant." TR 2069-2070. See also TR 2081-2082. The hearing officer also made it clear that he did not want Appellants' 504 claims "bootstrapped" onto their IDEA claims, stating "we are not going to have a 504 hearing." TR 2076-2077.

During the hearing, the Board offered no objection to the hearing officer's jurisdiction or his limitation of the evidence or claims to be heard. On the contrary, Appellee consistently took the position that "whether the district violated 504 [was] outside of the scope of the hearing." TR 2068-2069. The Board also objected to any attempt by Laura A. to develop the factual record at the hearing which would support

19

her 504 claims in any subsequent federal action.[12]/[13]  TR 2089.

## 5.    The Futility Exception Applies Here

_____

[12]The Board claims that the fact that the administrative decision did not address Appellants' 504 claims equates to a finding that they did not exhaust.  Appellee's Brief, pp. 42-45.  It does not because the hearing officer's appointment was undisputedly limited to claims arising under IDEA.  Further, a hearing officers's limited jurisdiction not only constrains the final conclusions of law, it also affects the findings of fact.  If an Alabama hearing officer were to make findings of fact specifically on 504 issues, he would necessarily be making a type of ruling on the party's 504 claims in that he would be determining what facts were relevant or irrelevant for the party's 504 claims.  Thus, the hearing officer's limitation on jurisdiction explains the content of the administrative decision.

[13]The Board makes essentially the same argument multiple times throughout its brief.  The argument generally starts with the proposition that Laura A. was required to specifically name 504 as a cause of action in her IDEA complaint.  From this assertion, the Board argues that Laura A. should have, but did not, insist on expressly adjudicating her 504 claims within the IDEA hearing.  In support of this argument, the Board relies on the cases dealing with exhaustion under IDEA within this Circuit.  The problem is that while it is true that the Board's cases do stand for the general proposition that exhaustion under IDEA is required prior to bringing a claim under another federal law, none of the cases are on point with this case.  Nor do the cases require the specificity desired by the Board.  Rather, the Board's authority involve students who, unlike J.O., were IDEA eligible, (or presumably thought to be eligible under IDEA) and many of them concern a parent's failure to request any hearing or a failure to include certain IDEA claims in the IDEA hearings which were requested.  The fact that the students in the cited cases were IDEA-eligible is especially important because it necessarily affects what development of an administrative record would look like.  For example, in _J.S.K. v. Hendry County School Board_, 941 F.2d 1563 (11th Cir. 1991), the issue under analysis for exhaustion was whether the entire 1986 IEP could be considered or just a placement portion of the IEP.  Development of a clear IDEA issue at an IDEA due process hearing where the hearing officer obviously has jurisdiction over all IDEA issues raised by the parties will look different than development of a non-IDEA issue over which the hearing officer did not have jurisdiction. In _Doe v. Alabama State Department of Education_, 915 F.2d 651 (11th Cir. 1990), the child was IDEA-eligible and the exhaustion issue focused on the district's compliance with IDEA procedures.  This Court found that Doe had exhausted in that the 504 claims and IDEA claims were identical.  The Appellee's reliance on Georgia cases presents another hurdle for Appellee.  Unlike in Alabama, Georgia's state administrative rules implementing IDEA include a provision which allows an LEA to request that the hearing officer appointed for an IDEA hearing consider both Section 504 and IDEA matters in the same hearing.  See Ga. Rule 160-1-3-.07, "Consolidated Hearings Under Individuals With Disabilities Education Act (IDEA) and Section 504".  Thus, the exhaustion of 504 claims in Georgia's IDEA due process hearing may include more specific development of a record regarding both claims, which limits the applicability of Georgia cases.

20

In the event that this Court finds that Laura A. did not exhaust her administrative remedies, this Court should determine that further exhaustion would have been futile.  Appellants made their 504 claims known at the hearing. But, according to Alabama law, the hearing officer undisputedly had no jurisdiction over those claims.  Ala. Admin. Code 290-8-9.08(9)(c)12.(iv)(I)X.  Consistent with this law, the hearing officer limited the presentation of evidence to the issues over which he had jurisdiction, which was Appellants' IDEA claims.  Evidence regarding 504 was admitted for the stated purpose of determining J.O.'s IDEA eligibility. Moreover, when Appellants attempted to present evidence more directly relevant to their 504 claims, the Board asserted that such evidence was "irrelevant" and the hearing officer stated that he did not want to "bootstrap" a 504 hearing onto Appellants' 504 claims.  The Board can speculate that something different would have occurred had Laura A. simply plead her 504 claims by name in her IDEA complaint.  However, based, *inter alia,* on Alabama law which limits a hearing officer's authority, any further action would have been futile.

Appellee argues that the futility exception does not apply because the  hearing officer had jurisdiction to "make findings of fact underlying non-IDEA claims". Appellee's Brief, p. 45.  Its argument is largely based its argument on the following statement.  "This Court has required exhaustion in a state administrative hearing

21

under IDEA even where the state hearing officer does not have jurisdiction to *order relief* under for (sic) non-IDEA claims." Id., at. 47 (emphasis added).  While this general statement is accurate, it does not equate to the conclusion that hearing officers in Alabama have the authority to make factual determinations non IDEA claims. Moreover, such a conclusion runs afoul with  *Bevis v. Jefferson County Board of Education, supra*) ("It is axiomatic that administrative officers, including officers who are acting in a judicial role, may only exercise such authority as is conferred upon the by the terms of the law under which they are appointed")*.*

Moreover, while this Court did require exhaustion in *N.B. v. Alachua County*, *supra* and *Babicz v. Sch. Bd. of Broward County*, *supra*, neither case supports the conclusion that hearing officers have the authority to "make findings of fact underlying non-IDEA claims".  Rather, these cases stand for the proposition that even though a parent seeks *relief* not available under IDEA, the parent is still required to "exhaust IDEA's administrative procedures to obtain relief that is available under IDEA before bringing suit under Section 504 or the ADA."  *Babicz*, 135 F. 3d at 1422.  It is worth repeating that the parents in *N.B.* and *Babicz* failed to make *any* attempt to utilize IDEA's procedures, choosing instead to proceed directly to federal court.

Finally, at least one case cited by the Board, supports Appellants' position

regarding futility.  In *Atlanta Independent School System v. S.F.*, 740 F.Supp. 2d 1335

(N.D. Ga. 2010), a district appealed an Order from the hearing officer which found,

among other things, that it failed to provide FAPE to S.F.  In response, S.F.'s parents

filed a counterclaim, as well as a Third Party Complaint against the district's special

education compliance coordinator and S.F.'s classroom teacher, alleging ADA,

Section 1983, and First Amendment violations.  These individuals moved to dismiss

the complaint for failure to exhaust under IDEA, but the court denied the motion,

finding that naming individual defendants in a Georgia IDEA proceeding would be

"futile".  As the court explained,

> As noted above, a Georgia OSAH ALJ does not have jurisdiction over an
> individual defendant in an IDEA proceeding. Therefore, naming individual
> defendants in the administrative proceeding does not serve the purpose behind
> the exhaustion requirement, of permitting the exercise of agency discretion and
> expertise, and allowing a full development of technical issues and factual
> record prior to court review. Furthermore, there is no indication that relief
> against an individual defendant is "relief that is also available under" the
> IDEA. 20 U.S.C. § 1415(l).

*Id*. at 1348.

## IV.    APPELLANTS ARE ENTITLED TO SUMMARY JUDGMENT ON THE MERITS OF THEIR 504 CLAIMS.

Appellants moved for summary judgment as to their 504 claims, asserting that

there existed no genuine issue of material fact and that they were entitled to summary

judgment as a matter of law.  Doc. 34:46-48.  While the Board could have challenged

the sufficiency of evidence presented, it did not.  Instead, the Board raised only procedural issues, including the exhaustion issue.

On appeal, the Board argues that since the District Court made no factual or legal determinations as to the merits of the motion, that the "proper course" is a remand to the District Court.  While the Board is correct that a remand is entirely within this Court's discretion, it is not required.  The Federal Rules of Civil Procedure provide that summary judgment is to be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Thus, the basic issue in a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Allen v. Tyson Foods, Inc*., 121 F.3d 642, 646, (11th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).  The non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof.  *Celotex Corp*., 477 U.S. 317, at 323.  In this case, since the Board did not attempt to make a showing as to the merits of Appellants' motion for summary judgment, this Court has the discretion to find in favor of Appellants on this issue.

24

## V.    CONCLUSION

For the reasons stated herein, Appellants request that this Honorable Court reverse the District Court's ruling dismissing Appellants' 504 claims and find that Ms. A. fully exhausted her administrative remedies. Appellants also request that this Court find that Appellants are entitled to summary judgment in their favor as to the remaining merits to Appellants' 504 claims.  Alternatively, Appellants request that this Court reverse the District Court's ruling as to exhaustion and remand the case to the District Court to determine liability under 504.

## <u>CERTIFICATE OF COMPLIANCE</u>

I certify that this brief complies with the type-volume limitation set forth in F.R.A.P. 32(a)(7)(B) because this brief contains 6499 words, excluding the parts of the brief exempt by F.R.A.P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of F.R.A.P. 32(a)(5) and the type style requirements of F.R.A.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word Perfect X4 in 14 point Times New Roman Font.

26

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served a true and correct copy of the above and foregoing by first class, U.S mail, properly addressed and postage prepaid, on this the 18th day of December, 2014, on counsel of record below, that on the same day the brief has been uploaded electronically to the Court, and that an original and six copies have been sent via U.S. mail to the Clerk for filing.

      J.R. Brooks
      Rodney C. Lewis

                  /s/Deborah A. Mattison
                  Deborah A. Mattison (ASB-3959-N59D)
                  Rachel L. McGinley (ASB-1892-A64M)
                  Attorneys for Appellants

**<u>OF COUNSEL:</u>**
**WIGGINS, CHILDS, PANTAZIS, FISHER & GOLDFARB, LLC**
The Kress Building
301 19th St. North
Birmingham, Alabama  35203
(205) 314-0500

27